No. 29,876.

Oliver J. Palmer et al., *Appellees*, v. Leonard Griswold et al., *Defendants* (Sarah J. Swanson, *Appellant*).

(298 Pac. 795.)

Opinion filed May 9, 1931.

*G. J. Sharp, C. B. Crawley,* both of Howard, and *Chester Stevens,* of Independence, for the appellant.

*I. F. Benest,* of Severy, for the appellees.

The opinion of the court was delivered by

Smith, J.: The action was in two counts—one to quiet title to real estate and one to reform a deed. Judgment was for plaintiffs on the first count. Defendants appeal.

O. H. Palmer died intestate in 1897, seized of a quarter section of land in Elk county, Kansas. He left as his sole heirs at law his widow, Miranda H. Palmer, and five adult children by a former marriage.

A short time after the death of Mr. Palmer, Mrs. Palmer and the children arranged a partition of the land between themselves. They agreed that Mrs. Palmer should have a life estate in the sixty acres of the farm where the improvements were and the children should have the hundred acres that had no improvements. They attempted to carry this arrangement into effect by means of deeds. The children and Mrs. Palmer all joined in one deed conveying the hundred acres in fee simple to one of the children who had made settlement

with the other children. That part of the transaction was regular in every way and has not been questioned. At the same time a deed was given, signed by all the children, conveying the sixty acres to Mrs. Palmer. This deed contained the following provision: "during her lifetime and at her death to revert to said grantors herein, their heirs and assigns."

Immediately after this exchange of deeds Mrs. Palmer leased her sixty acres to one of the children and continued to live there with him until she died.

Her death occurred on March 20, 1928, she dying intestate as to the real property. After her death her brothers and sisters set up a claim to the sixty acres on account of being her only heirs at law. This claim caused all of the living children and the heirs of the deceased to file this action to quiet their title to the sixty acres and to reform the deed from the children to Mrs. Palmer.

Trial was to the court, who made findings of fact about as they have been detailed here. The court refused to reform the deeds, but found:

"That the plaintiffs under the evidence in this case have and own the whole equitable title in the land in controversy and are entitled to have their title quieted as against all the defendants herein."

Judgment was entered accordingly.

When O. H. Palmer died the land in question passed an undivided one-half to his widow and an undivided one-half to the children. When the conveyance was made by Mrs. Palmer and the children of the hundred acres to one of the children, they all conveyed whatever title they had to that particular piece of real estate to the grantee. By that deed, however, nothing was changed as to the title to the sixty acres. That still belonged an undivided one-half to Mrs. Palmer and an undivided one-half to the children. What did the deed to Mrs. Palmer actually convey? It was given by the Palmer children. It purported to convey the entire estate under the sixty acres, but since they only owned an undivided one-half of it their deed only conveyed that. (18 C. J. 309.)

The fact that this deed purported to convey the entire sixty acres is meaningless as respects the one-half interest that the grantors in the deed did not own. The deed attempted to limit the estate that Mrs. Palmer took to a life estate. That limitation could and did operate on the undivided one-half that the grantors owned—hence

when Mrs. Palmer died, as far as that interest was concerned it was right back where it was in 1897 when O. H. Palmer died; that is, the Palmer children owned it. As to the other undivided one-half interest in the sixty acres, that belonged to Mrs. Palmer in fee simple. Nobody else could give a deed to it or could convey it in any way. The fact that she had lived on it for many years thinking that she had conveyed it away does not affect her title in the least. At her death intestate as to this land her undivided one-half interest passed to her heirs at law, the defendants in this case. It follows that the judgment of the court below must be modified with instructions to enter judgment decreeing the appellees to be the owners of the undivided one-half interest in the real estate in question, and the heirs at law of Mrs. Palmer, the owners of the other undivided one-half interest. It is so ordered.

Sloan, J., not sitting.